UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATRICIA MILLER,

    Plaintiff,                                          Civil Action No. 10-CV-12778

vs.                                                    HON. BERNARD A. FRIEDMAN

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## ORDER ACCEPTING AND ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

        This matter is presently before the court on cross motions for summary judgment. Magistrate Judge Michael Hluchaniuk has submitted a Report and Recommendation ("R&R") in which he recommends that the court deny plaintiff's motion and grant defendant's motion. Plaintiff has filed objections, and defendant has responded to plaintiff's objections.

        Having reviewed the administrative record, the parties' motions, the R&R, the objections and the response thereto, the court is persuaded that the magistrate judge has correctly concluded that the administrative decision in this matter is supported by substantial evidence. Plaintiff clearly does suffer from depression, anxiety, and pain in her back and legs, as the ALJ found. However, the evidence support's the ALJ's conclusion that plaintiff's impairments are not of disabling severity because she retains the residual functional capacity to perform the limited range of sedentary work identified by the vocational expert in response to the ALJ's hypothetical question.

        Plaintiff first objects to the magistrate judge's conclusion that the ALJ correctly found that she is not *per se* disabled under any of the listed impairments at issue (1.04A, 12.04 or

12.06). This objection is overruled because plaintiff does not meet all of the criteria for any of these listings. Listing 1.04A, which concerns spinal disorders, requires "[e]vidence of nerve root compression . . . motor loss (atrophy with associated muscle weakness or muscle weakness) . . . and . . . positive straight leg raising test (sitting and supine)." As plaintiff appears to concede, *see* Pl.'s Obj. at 2, the voluminous medical records in this case nowhere mention "nerve root compression." While plaintiff invites the court to infer such a finding based on her symptoms, the magistrate judge cites case authority, which plaintiff does not challenge, for the rule that such inferences are impermissible. Nor has plaintiff pointed to any evidence of motor loss associated with muscle atrophy or weakness. And while the record does contain a single finding of positive straight leg testing (Tr. 125), it is not apparent that the testing was done both in the sitting and in the supine positions, as required.

Listings 12.04 (affective disorders) and 12.06 (anxiety related disorders) are not met in this case because plaintiff does not satisfy, as required, at least two of the "B" criteria (i.e., "(1) marked restriction of activities of daily living; (2) marked difficulties in maintaining social functioning; (3) marked difficulties in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of extended duration"). Plaintiff does not suggest that the fourth criterion is met. In an effort to show that she meets the first and third of these criteria, plaintiff points to evidence that she has difficulty combing her hair and showering; that she relies on others to help her with household work; and that she has difficulty concentrating due to her pain and the side-effects of her medications. *See* Pl.'s Obj. at 3. Whether these restrictions and difficulties may be characterized as "marked" is debatable, but they are irrelevant for 12.04/12.06 purposes because they are the result of plaintiff's back pain not, as required, the result of her anxiety

and depression. Presumably in an effort to show that she meets the first and second of the "B" criteria, plaintiff also points to evidence that she "has difficulty maintaining social activities due to the fact that [she] often isolates herself, has poor relationships with others, has little history of friendships/relationships, does not trust others, and keeps to herself." Pl.'s Obj. at 3. The pages of the record cited by plaintiff do not show that her anxiety and depression markedly restrict her daily activities or that these mental conditions cause her "marked difficulties in maintaining social functioning." In fact, in one of the medical reports cited by plaintiff (Ex. B-8F) the examining psychologist, Dr. Terrance Mills, noted that plaintiff "indicated that she gets along fair with people in general, but has a tendency to keep to herself. She has a positive relationship with her family, has friends, but does not see them on a regular basis, and interacted appropriately with our staff" (Tr. 240). Plaintiff also reported to Dr. Mills that she "cares for her hygiene and grooming," "visits family members," and "does light chores, . . . [and] is able to independently manage her financial matters." *Id.* In her interview with Dr. Mills, plaintiff was "positive, . . . friendly, responsive, reserved, and cooperative." *Id.*

In sum, the magistrate judge correctly concluded that there is no error in the ALJ's finding that plaintiff does not meet all of the criteria of Listings 1.04A, 12.04 or 12.06.

Plaintiff next objects to the magistrate judge's conclusion that the ALJ's credibility finding is supported by substantial evidence. Plaintiff's objection is overruled. The ALJ considered all of the evidence of record, including plaintiff's subjective complaints. *See* Tr. 19-24. He found that plaintiff has "ongoing low back pain" (Tr. 17), but that it is not of disabling severity. The record supports this conclusion for the reasons explained at pages 26-29 of the R&R. The objective evidence does not compel a finding that plaintiff's pain is of disabling severity. Nor does the record

contain any statement by a physician that plaintiff is unable to work.

Finally, plaintiff objects to the magistrate judge's recommendation that the case not be remanded for further proceedings. In her summary judgment motion, plaintiff argues that the case should be remanded so that the commissioner may consider new evidence. Plaintiff's objection is overruled. A "sentence six" remand under 42 U.S.C. § 405(g) is permitted only if the evidence in question is new and material and plaintiff shows good cause for having failed to offer the evidence earlier. *See Sizemore v. Sec'y of Health and Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988); *Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986). In the present case, the magistrate judge correctly found that the evidence in question, which is attached to plaintiff's summary judgment motion, is not material. To prove materiality, plaintiff "must demonstrate that there was a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore*, 865 F.2d at 711. This standard is not met in the present case because the new evidence is not probative of plaintiff's mental and physical condition prior to the expiration of her insured status on September 30, 2005 (Tr. 13, 78). All except one of the new medical reports concern examinations of plaintiff in 2008 and 2009, post-dating the insurance expiration date by at least three years and, in some cases, up to three and one-half years. As these records do not cast light on plaintiff's condition prior to September 30, 2005, it is highly unlikely that defendant would change his decision in this matter based on this evidence. The only "new evidence" from the relevant time period, a psychiatric evaluation dated June 23, 2005, is in fact not new, as it is already part of the record (*see* Tr. 279-81). Accordingly,

IT IS ORDERED that Magistrate Judge Hluchaniuk's Report and Recommendation is hereby accepted and adopted as the findings and conclusions of the court. Plaintiff's objections are overruled.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is denied.

IT IS FURTHER ORDERED that defendant's motion for summary judgment is granted.

S/Bernard A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: October 21, 2011
        Detroit, Michigan